

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HOWARD MITTLEMAN, *et al.* ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 02 C 270 |
| v. ) | |
| ) | |
| GREGORY J. KILREA, *et al.* ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, District Judge:

Before this court is plaintiffs' Motion to Clarify Order and Final Judgment brought pursuant to Federal Rule of Civil Procedure 60(b)(1). The plaintiffs in this case are a class of former shareholders ("Shareholder Class") of HA-LO Industries, Inc ("HA-LO"). The defendants in this action are former directors and officers of HA-LO ("Defendant Directors"). HA-LO is opposing the Shareholder Class's Motion to Clarify Order and Final Judgment.

The Shareholder Class, as plaintiffs in this case, and HA-LO, as plaintiff in a bankruptcy proceeding, *In re HA-LO Industries*, 02 B 12059 (Bankr. N.D. Ill.), have both been vying to recover from the same Directors' and Officers' Liability Insurance Policies ("D & O Insurance Proceeds"). As explained in more detail below, the Shareholder Class and HA-LO reached a preliminary settlement as to how to distribute the D & O Insurance Proceeds, which was also to lead to the settlement of this case. The settlement required the Shareholder Class to exercise an option ("Option") to receive its share of the D & O Insurance Proceeds. In accordance with the parties' contemplated settlement, a final judgment ("Settlement Approval Order") was entered in

1

this case on December 29, 2004.

Shortly thereafter, the current dispute arose between the Shareholder Class and HA-LO as to the distribution of the D & O Insurance Proceeds. In short, HA-LO argues that the Shareholder Class, due to the inexcusable negligence of class counsel, failed to timely exercise its Option to receive its share of the D & O Insurance Proceeds. Counsel for the Shareholder Class respond, in the pending motion, that the dispute as to the timing of the Option arises out of the fact that this court's Settlement Approval Order omitted an effective date. The Shareholder Class now asks this court to correct the Settlement Approval Order by clarifying that it became effective for purposes of settlement when the time for appeal expired, which occurred on January 28, 2005. Correcting the Settlement Approval Order in this manner should dispel any doubt as to whether the Shareholder Class's counsel timely exercised its Option. For the following reasons, the Motion to Clarify Order and Final Judgment is granted.

## BACKGROUND

*A. The Procedural Background Leading to the Global Settlement Between the Class, Defendant Directors and HA-LO*

On July 20, 2001, HA-LO filed bankruptcy. One significant asset HA-LO maintained was its D & O Insurance Proceeds, which provided an aggregate of $50 million in coverage. In January 2002, this case was filed as a class action against the Defendant Directors. In this case, the Class sought to recover the D & O Insurance Proceeds. In August 2002, HA-LO filed an adversary proceeding in Bankruptcy Court against its former Chief Executive Officer. That proceeding sought, among other things, the same D & O Insurance Proceeds. Thus, the Class and HA-LO both sought the same D & O Insurance Proceeds. HA-LO attempted to protect its

interests in the D & O Insurance Proceeds by successfully moving in Bankruptcy Court to enjoin the Class from collecting any of the D & O Insurance Proceeds in this case. The Class appealed that Bankruptcy Court injunction, but during the appellate process, the Class and HA-LO reached an agreement to share the D & O Insurance Proceeds ("Insurance Sharing Agreement"). That Insurance Sharing Agreement was not only supposed to resolve the differences between the Class and HA-LO, but it was also supposed to lead to the resolution of this case.

Pursuant to the Insurance Sharing Agreement, the Class was to settle with the Defendant Directors. The Class's settlement with the Defendant Directors included a Settlement Agreement, as well as the Settlement Approval Order signed by this court. These three documents – the Insurance Sharing Agreement (between HA-LO and the Class), the Settlement Agreement (between the Class and Defendant Directors) and the Settlement Approval Order – all formed the basis of what this court has called the "global settlement" between the Class, the Defendant Directors and HA-LO.

*B. The Error in Drafting the Three Settlement Document*

The Insurance Sharing Agreement provided the Class with 25% and HA-LO with 75% of the D & O Insurance Proceeds respectively. The Insurance Sharing Agreement, required that the Class, among other things, acquire, and then assign to HA-LO the Shareholder Action Insurance Claims. The Shareholder Action Insurance Claims were "certain specified claims" which the "defendants in [Case No. 02 C 270 were to] assign to the Shareholder Class" pursuant to an expected settlement of Case No. 02 C 270. (Dkt. No. 248, Ex. B., at the unnumbered second

3

page of the document.)[1] The Class would utilize the Option to assign the Shareholder Action Insurance Claims to HA-LO, and, thereby, receive its 25% of the D & O Insurance Proceeds.

The timing of the Class's ability to exercise its Option was embodied in paragraph two of the Insurance Sharing Agreement. (Dkt. No. 248, Ex. B., at the unnumbered third page of the document) Two portions of that paragraph are relevant. First, the agreement stated that "Until the seventh day after a Shareholder Settlement Approval Order issued by District Court becomes effective (which shall be construed as upon entry if no different effective date is specified in the order), the Shareholder Class shall have the [O]ption . . . of assigning to [HA-LO] . . . the Shareholder Action Insurance Claim." Second, following the preceding text, and still within that second paragraph is the following language: "The Shareholder Class may not exercise the Option until after the District Court issues a Shareholder Settlement Approval Order, such order becomes effective, *and all right, title and interest in the Shareholder Action Insurance Claims has been assigned to the Shareholder Class.*" (*Id.*)(emphasis added).

Thus, according to the Insurance Sharing Agreement, the prerequisites of the Class exercising its Option were: (1) "all right, title and interest in the Shareholder Action Insurance Claims [(which included certain claims from the defendants in Case No. 02 C 270)] be[ing] assigned to the Shareholder Class" and (2) the Settlement Approval Order becoming effective.

In order to acquire the Shareholder Action Insurance Claims, the Shareholder Class

---

[1] The entire paragraph on the second page of the document to which this court refers is as follows:
WHEREAS, the Shareholder Class has reached an agreement with the defendants in the Shareholder Action [Case No. 02 C 270] to settle and resolve that action on the terms set forth in Exhibit A, subject to approval of the District Court, and as one aspect of such settlement the defendants in the Shareholder Action [Case No. 02 C 270] will assign to the Shareholder Class certain specified claims (the "Shareholder Action Insurance Claims.");

4

entered into the Settlement Agreement with the Defendant Directors. That Settlement Agreement stated that it would not become effective until this court entered the Settlement Approval Order, "and the expiration of any time for appeal or review of such [Settlement Approval Order]." (Dkt. No. 248, Ex. C. ¶ 23(c).) Thus, the Settlement Agreement was not effective until the date the time for appeal of the Settlement Approval Order expired, which means the Shareholder Class did not receive the Shareholder Action Insurance Claims (which were needed to exercise the Option) until the time for appeal of the Settlement Approval Order expired.

Thus, things stood as follows after the Insurance Sharing Agreement and Settlement Agreement were signed. The Shareholder Class could not exercise its Option until it received all right, title and interest in the Shareholder Action Insurance Claims. The Shareholder Class did not receive such right title until the Settlement Agreement became effective, which was when the time for appeal of the Settlement Approval Order expired. The Shareholder Class had to exercise its Option by the seventh day after the entry of a Settlement Approval Order, unless a different effective date was specified in the order.

The Settlement Approval Order was entered on December 29, 2004. The Settlement Approval Order did not (though it should have) contain an appropriate effective date. Thus, under the Insurance Sharing Agreement, the Settlement Approval Order became effective on entry, and, therefore, the Shareholder Class's seven day deadline for exercising its Option expired on January 5, 2005. But the Shareholder Class could not have exercised the Option on January 5, 2005, because it first needed to retain all right, title and interest in the Shareholder Action Insurance Claims, which, under the Settlement Agreement, did not occur until the time

5

for appeal of the Settlement Approval Order expired, which was January 28, 2005.

*C. The Events After the Entry of the Settlement Approval Order*

January 5, 2005 passed without the Shareholder Class exercising its Option. In fact, the Shareholder Class's counsel sent an e-mail to HA-LO's counsel on January 5, 2005 inquiring as to the expected amount of the insurance proceeds, (Dkt. No. 248, Goodstein Declaration, ¶ 19), apparently unaware that under the terms of the Insurance Sharing Agreement the opportunity to collect any proceeds for the Shareholder Class was quickly slipping away. HA-LO's counsel did not respond until January 13, 2005, at which time he stated his belief that the Option had already expired on January 5, 2005. Thereafter, "in an abundance of caution" (*Id.* 23), Shareholder Class's counsel, on January 14, 2005, attempted to exercise the Option. The lawyers for the respective parties then engaged in attempts to resolve the matter.

During these discussions, the Shareholder Class's counsel expressed the view that the seven-day period for the exercise of the Option did not commence until January 28, 2005. According to this view, the Settlement Approval Order incorporated the effective date of the Settlement Agreement, which was the expiration of the time for appeal. Thus, the seven-day period for exercising the Option began on January 28, 2005 and expired on February 4, 2005. In accordance with this view, the Shareholder Class again exercised the Option on February 4, 2005. The discussions attempting to resolve the matter were unsuccessful: the Shareholder Class's counsel wanted proceeds for its clients; and HA-LO's counsel felt it had a fiduciary duty to protect its creditors, and, therefore, resist attempts to exercise what they considered to be an expired Option.

On February 25, 2005, HA-LO took the matter to Bankruptcy Court seeking a

declaration that the Option had expired and that the Shareholder Class therefore was not entitled to any portion of the D & O Insurance Proceeds. The Shareholder Class responded in Bankruptcy Court and the issue was fully briefed before the Bankruptcy Court on March 18, 2005, and a hearing was set for April 19, 2005. On April 1, 2005, the Shareholder Class filed the instant Motion to Clarify Order and Final Judgment. The Honorable Carol A. Doyle, who is presiding over HA-LO's bankruptcy, has advised the parties that she is withholding ruling on the motions pending before her relating to whether the Option has expired, until this court rules.

## ANALYSIS

Rule 60(b) provides for "discretionary relief from a final judgment." *Robb v. Norfolk & W. Railway Co.*, 122 F.3d 354, 357 (7th Cir. 1997). As the rule states, relief may be granted because of mistake or excusable neglect on the part of party or its legal representative:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . .

Fed. R. Civ. P. 60(b). At one time, the Seventh Circuit held a "narrow" view of excusable neglect, refusing to allow relief based upon an attorney's "carelessness or negligence." *Robb*, 122 F.3d. at 358. As the Seventh Circuit explained in *Robb*, that narrow approach to excusable neglect, however, was rejected by the Supreme Court in favor of a more liberal understanding of what circumstances could constitute excusable neglect on the part of an attorney. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 113 S.Ct. 1489 (1993). In *Pioneer*, the Supreme Court "specifically reject[ed] the 'narrow' approach taken by [the Seventh Circuit] and others." *Robb*, 122 F.3d 358. The Supreme Court specifically held that "for purposes of Rule 60(b), 'excusable neglect' is understood to encompass situations in which the failure to

comply with a filing deadline is attributable to negligence." *Pioneer*, 507 U.S. at 394, 113 S.Ct. at 1497. The Supreme Court further explained that "the determination of what amounts to 'excusable neglect' under Rule 60(b) is . . . at bottom an *equitable* one, taking account of *all the relevant circumstances*, surrounding the party's omission." *Robb*, 122 F.3d at 359 (quoting *Pioneer*, 507 U.S. at 395, 113 S.Ct. at 1498) (emphasis in original). Relevant considerations may include prejudice to the nonmoving party, as well as the movant's good faith. *Id.*

Though this court agrees with HA-LO that the instant dispute has arisen from the Shareholder Class's counsels' negligence, equity requires relief. Most significantly, requiring the Option to be exercised by January 5, 2005 would render it impossible to exercise. As explained, under the Insurance Sharing Agreement, the Shareholder Class was to exercise the Option seven days after the effective date of the Settlement Approval Order, which, under the Insurance Sharing Agreement, was to be construed as seven days after entry if not otherwise specified. The Settlement Approval Order contained no specifically stated effective date, so for purposes of the Insurance Sharing Agreement, that Settlement Approval Order became effective on the date of its entry, December 29, 2005, thereby giving the Shareholder Class until January 5, 2005 to exercise the Option. The Insurance Sharing Agreement, however, also required that the Shareholder Class could not exercise its Option until "all right, title and interest in the Shareholder Action Insurance Claims [had] been assigned to the Shareholder Class." (Ins. Sharing Agreement, ¶ 2.) The class received the Shareholder Action Insurance Claims through the Settlement Agreement, which did not become effective until January 28, 2005. Thus, absent the articulation of an effective date in the Settlement Approval Order that corresponds to the effective date of the Settlement Agreement, the Option could not have been exercised because to exercise on January 5, 2005

8

was too early, as the Shareholder Class had yet to obtain the Shareholder Action Insurance Claims, and to exercise the Option within seven days of January 28, 2005 was too late because the Insurance Sharing Agreement required it to be exercised within seven days of the entry of the Settlement Approval Order.

HA-LO does not argue otherwise. In its Motion to Clarify Order and Final Judgment the Shareholder Class specifically argued that HA-LO's interpretation of the effective date renders the Option impossible to exercise as described above. In response, HA-LO completely avoids the issue, which leads this court to believe that the Shareholder Class is correct in arguing that HA-LO's interpretation renders the Option impossible to exercise.

The fact that the exercise of the Option was impossible when this court entered the Settlement Approval Order on December 29, 2004 makes clear that the error here was the failure to temporally coordinate the three critical documents: the Insurance Sharing Agreement, Settlement Agreement, and Settlement Approval Order. The error could have been corrected by changing any one of the three documents. Correcting the Insurance Sharing Agreement so that the effective date of the Settlement Approval Order is construed to be the effective date of the Settlement Agreement would make the documents consistent. The Settlement Agreement could also be corrected to indicate that its effective date was upon entry of the Settlement Approval Order. And, finally, this court can correct its Settlement Approval Order to state that it became effective at the expiration of the time for appeal.[2]

---

[2] This court rejects HA-LO's argument that the forum selection clause of the Insurance Sharing Agreement prohibits this court from considering this Motion to Clarify Order and Final Judgment. The Insurance Sharing Agreement specifically designates the Bankruptcy Court as the forum for resolving the disputes as to it. But in the Settlement Approval Order this court specifically retained jurisdiction "for all matters relating to [the] . . . administration,

9

The Shareholder Class's inability to exercise the Option is the most significant, but not sole circumstance requiring Rule 60(b)(1) relief. In the absence of relief, the Shareholder Class will suffer great harm, but by granting relief neither the Defendant Directors nor HA-LO will be prejudiced. HA-LO argues that it will be prejudiced by its loss of the 25% of the D & O Insurance Proceeds that would go to the Shareholder Class, but this is what the parties had negotiated for and expected.[3] HA-LO's loss of this "windfall" is not the type of prejudice that affects this court's determination to grant relief under Rule 60(b). *In re UAL Corp*, 411 F.3d 818, 823-24 (7th Cir. 2005) ("When an innocent mistake can be rectified without harm to anyone (loss of a windfall is not the kind of harm that a court should endeavor to avert), it should be.") Finally, there is no insinuation that the Shareholder Class or its counsel has acted in bad faith. Accordingly, this court rules that given the circumstances of this case, equity requires relief under Rule 60(b)(1).

This court's concern regarding the prejudice that would be suffered by the Shareholder

---

interpretation, effectuation or enforcement of the" Settlement Agreement and the Settlement Approval Order. (Dkt. No. 248, Ex. G., ¶ 15) The court's ruling on the instant motion falls within the forum selection clause of the Settlement Approval Order. This court also does not believe that the Shareholder Class is estopped from seeking relief from this court. The record as presented by HA-LO does not support the assertion that Shareholder Class has "mislead" HA-LO or the Bankruptcy Court, or that the Shareholder Class has decided to file this motion only after determining "which way the wind was blowing" in Bankruptcy Court. *See Am. Patriot Ins. Agency, Inc. v. Mut. Risk Mgmt., Ltd.*, 364, F.3d 884, 887-88 (7th Cir. 2004).

[3] The fact that the expectations of the parties in this case were frustrated by an error in drafting the relevant settlement agreements distinguishes this case from *United States v. $ 119, 980*, 690 F.2d 106, 108 (11th Cir. 1982), which was cited by HA-LO. In that case the district court was reversed for adding, at the government's request, an "additional requirement" by way of Rule 60(b) that a certain sum of money should be turned over to the Internal Revenue Service instead of giving that money to certain individuals as was originally agreed to in the underlying judgment order. This court is adding no "additional requirement."

Class in the absence of Rule 60(b)(1) relief is been heightened by this court's special duty to protect the interests of the Shareholder Class. Fed. R. Civ. P. 23(e); *Culver v. City of Milwaukee*, 277 F.3d 908, 915 (7th Cir. 2002) ("Rule 23(e) should therefore be understood as imposing a duty on the district judge that is nondelegable, he being himself a fiduciary of the class.") In this regard, this court is quite concerned with the errors that made the plaintiff's motion necessary. As this court previously stated in the Settlement Approval Order, throughout this litigation "the errors Plaintiff's Counsel have made . . . are not the type of high quality work the court believes would warrant" high fees. (Settlement Approval Order ¶ 14(c)). Accordingly, in the Settlement Approval Order this court granted the Shareholder Class's counsel fees of $1,212,000, approximately 16%, as opposed to the requested 20%, of the Gross Settlement Fund. The court's conclusion regarding the Shareholder Class's counsels' diligence in prosecuting this action is certainly reinforced by the errors discussed in this Memorandum Opinion and Order. These errors by the Shareholder Class's counsel could have led to the catastrophic consequence of the Shareholder Class receiving no recovery whatsoever. This court has ruled that equity demands modification of the Settlement Approval Order to make clear that its effective date, for purposes of the Insurance Sharing Agreement, is January 28, 2005, the same effective date as the Settlement Agreement. This court also believes, however, that equity demands that the Settlement Approval Order be amended to compensate the Shareholder Class for the risk of loss it incurred as a result of the errors that led to this dispute about whether the Shareholder Class had timely exercised its Option. Therefore, the Settlement Approval Order is further amended by reducing the $1,212,000 fee award previously granted by 10%, which will reduce the fee award by $121,200, and result in a final award to Shareholder Class's counsel in the set sum of

$1,090,800, no more and no less in fees. The Shareholder Class, who were exposed to the possibility of losing their entire fee award, can therefore receive the $121,200 benefit of the reduced fee award.

## CONCLUSION

Accordingly, the Motion to Clarify Order and Final Judgment (Dkt. No. 246) is granted, and this court's December 28, 2004 Settlement Approval Order (Dkt. No. 244) approving settlement in the above-captioned matter is hereby modified to make clear that the effective date of the Settlement Approval Order, for purposes of the February 9, 2004 Insurance Sharing Agreement between plaintiffs and HA 2003, Inc. f/ka/ HA-LO Industries, Inc. was January 28, 2005. Specifically, the following sentence is added to the end of paragraph 17 of the Settlement Approval Order: "Provided, however, that for purposes of the HA-LO Sharing Agreement only, the effective date of this Order and Final Judgment shall be the Effective Date of Settlement as described in paragraph 23 of the Stipulation." Furthermore, the following sentence is added to this court's handwritten addition at the end of paragraph 14(c): "The set sum of $1,212,000 mentioned in the preceding sentence is hereby further reduced by 10% so that the court now awards the set sum of $1,090,800, no more and no less in attorney's fees."

ENTER:

*James F. Holderman*
JAMES F. HOLDERMAN
United States District Court Judge

Date: August 12, 2005